THE STATE *ex rel.* BROADWATER v. SEIBERT, *State Auditor.*

1. **Constitution:** APPROPRIATION OF MONEY. A reappropriation by the legislature of the unexpended balance of a former appropriation stands upon the same footing as the original appropriation, as to the necessity of stating the object for which such appropriation is made. (Constitution, 1875, art. 10, sec. 19.)

2. ———— : ————. The object of the reappropriation must be determined by the terms of the act making it, and resort cannot be had for that purpose to the first act.

3. ———— : ———— : CONTRACT. Money reappropriated by the legislature for the payment of such balance as was due under a contract authorized by an original appropriation cannot be used in payment of services performed under a contract, made after the lapse of such original appropriation, notwithstanding there was authority under the first appropriation act for entering into the last contract.

*Mandamus.*

WRIT DENIED.

*Silver & Brown* and *J. W. Zevely* for relator.

*J. M. Wood*, Attorney General, for respondent.

BRACE, J.—By an act of the general assembly, approved March 9, 1887, the sum of two hundred and fifty thousand dollars was appropriated, for the purpose of enlarging the main edifice of the state capitol building by additions thereto, and the governor, the secretary of state, treasurer, auditor, attorney general, superintendent of public schools and commissioner of the permanent seat of government were constituted a board of commissioners, with authority to contract in the name of the state for the necessary materials and for the performance of the work at a cost not to exceed the appropriation, and to employ a competent architect and superintendent to supervise the same. Acts, 1887, p. 17. The contract was to provide for the completion of the improvements on or before the first day of January, 1889.

On or about the first of July, 1887, said board contracted for the improvements contemplated in said act, consisting in part of a large addition to the north end of the capitol and adjacent to the bluff of the Missouri river. In order to secure the foundation for this addition, it was found to be necessary, after the contract was entered into, to construct a retaining wall around and along said bluff, and in the year 1888, said wall was by said board directed to be built, and work thereon was begun by the contractor for the same. The contract for this wall was a separate contract, independent of the one originally made in 1887 for the improvements contemplated in said act, and having reference to the retaining wall only.

On the first of January, 1889, there remained unexpended of said two hundred and fifty thousand dollars' appropriation the sum of $21,854.

The general assembly, by act approved May 21, 1889 (Acts, 1889, p. 6, sec. 5, sub. 7), appropriated seventy-five hundred dollars "to pay the amount due for work and improvements on the *walls and capitol grounds,*" and, "to pay balance due under *contract* made for the enlargement of the capitol building, which balance was a part of the former appropriation of two hundred and fifty thousand dollars which lapsed and reverted to the treasury," reappropriated the sum of $21,854.06.

On or about September 1, 1889, said board of commissioners employed the relator to do certain work in and about making plans and specifications and surveys for completing said retaining wall. His account therefor, amounting to the sum of twenty-five dollars, was thereafter approved by said board, and by them directed to be paid out of the fund to pay balance due under contract made for the enlargement of the capitol building, and thereafter, with such approval and directions endorsed, was presented to the auditor, who refused to audit the same or to issue a warrant on the treasurer for its payment. Whereupon the relator sued out the alternative writ of *mandamus* herein.

The cost of the work done on the retaining wall prior to September 1, 1889, was paid out of the seventy-five hundred dollars' appropriation, and before the contract was made with the relator, for the services charged for in his account, the same had been exhausted. There was however in the treasury more than enough to pay the amount of relator's voucher, of the unexpended balance of the $21,854.06 reappropriation, at the time it was presented to the auditor.

The constitution provides, article 10, section 19: "No moneys shall ever be paid out of the treasury of this state except in pursuance of an appropriation by law; nor unless such payment be made, or a warrant shall have issued therefor, within two years after the

The State ex rel. Broadwater v. Seibert.

passage of such appropriation act; and every such law making a new appropriation, or continuing or reviving an appropriation, shall distinctly specify the sum appropriated, and the object to which it is to be applied; and it shall not be sufficient to refer to any other law to fix such sum or object."

It is obvious, from the reading of the foregoing provision, that a reappropriation of an unexpended balance of a former appropriation is upon the same footing as the original appropriation as to the necessity of stating the object for which such reappropriation is made. That question must be determined by the terms of the act of reappropriation, and resort cannot be had to the first act for that purpose. By the terms of the reappropriation in this case, the object stated is "to pay the balance due under the contract made for the enlargement of the capitol building." When this reappropriation was made, there was nothing due the relator upon any contract for the enlargement of the capitol building, nor had there been any contract whatever made with him by the commissioners.

Conceding that, under the act making the original appropriation, the commissioners had authority to contract for the services for which they approved relator's account, they did not so contract until after the time had elapsed within which he could have been paid, by virtue of such original appropriation. And the terms of the reappropriation limit the payment to such balance as may be due under the contract, *i. e.*, under the contract made before the passage of the act of reappropriation upon which a balance was or might become due. By no proper construction can relator's claim, under an original contract, made after the act, be brought within the terms of the reappropriation, and, there being no fund upon which the auditor was authorized by law to draw a warrant, the peremptory writ prayed for will be refused. All concur except RAY, C. J., absent.